**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

A.N.K., A MINOR BY AND THROUGH
HIS MOTHER AND NATURAL
GUARDIAN, MILEENU THOMAS
HANKERSON, *et al.*,

    *Plaintiffs*,

    v.

CITY OF PHILADELPHIA,

    *Defendant*.

CIVIL ACTION
NO. 5:25-CV-07099-JLS

## **O R D E R**

**AND NOW**, this 9th day of June, 2026, for the reasons set forth in the footnote below,[1] it is hereby **ORDERED** as follows:

    (1)    Defendant's motion to dismiss, ECF No. 11, is **GRANTED**; and

    (2)    Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.

        **BY THE COURT:**

        */s/ Jeffery L. Schmehl*
        **JEFFREY L. SCHMEHL, J.**

---

[1] Plaintiffs, residents of Allentown, Pennsylvania, allege that they suffered severe burns after an April 2, 2024, fire broke out in a rental row home in Philadelphia. They allege that the property lacked functioning smoke alarms and that—because the City of Philadelphia's fire-safety regulations exempted this type of residence from inspection requirements—the City violated their rights under the Due Process Clause of the Fourteenth Amendment.

Although tragic, such allegations fail to state a cognizable 42 U.S.C. § 1983 claim against the City of Philadelphia. That is because, whether proceeding under a policy-or-custom or deliberate-indifference framework, a *Monell* claim requires that one adequately plead an

underlying constitutional violation.  *See Johnson v. City of Phila.*, 975 F.3d 394, 403 n.13 (3d Cir. 2020).  As will be explained, Plaintiffs have not alleged a viable Fourteenth Amendment violation.

Generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."  *DeShaney v. Winnebago Cnty. Dep't of Social Servs.,* 489 U.S. 189, 197 (1989).  Two exceptions exist.  First, a state's failure is actionable where there is a "special relationship" between the state and plaintiff, such as where "'the State takes a person into its custody and holds him there against his will.'"  *Morrow v. Balaski*, 719 F.3d 160, 167 (3d Cir. 2013) (en banc) (citing *DeShaney*, 489 U.S. at 199-200).

Second, a state's failure to protect is actionable where the state itself creates the danger.  To sustain a state-created-danger claim, a plaintiff must plead four elements: "1) the harm ultimately caused was foreseeable and fairly direct; 2) a state actor acted with a degree of culpability that shocks the conscience; 3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and 4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all."  *Id.* at 177 (citing *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 281 (3d Cir. 2006)).

Here, Plaintiffs do not advance a special-relationship theory of liability.  Instead, they attempt to state a Fourteenth Amendment violation under the state-created-danger doctrine.  Their claims, however, fail because they do not plausibly allege the fourth element.  Specifically, Plaintiffs identify no affirmative act by a state actor that created or enhanced the danger they faced.  Rather, their allegations challenge the City's failure to set up a regulatory regime requiring the inspection of this home's smoke detectors.  Though the Court is sympathetic to the injuries Plaintiffs suffered, their attempt to recharacterize passive governmental inaction to affirmative conduct is unpersuasive.  Accordingly, Plaintiffs have failed to plead an underlying violation of the Fourteenth Amendment, and their claims are dismissed without prejudice.